RECEIVED
APR 2 2 2013
U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

FILED
APR 2 2 2013
U. S. DISTRICT COURT
EASTERN DISTRICT OF MO

| | |
|---|---|
| In the Matter of the Search of the Premises of ) <br> A Commercial Business Known as Smith ) <br> Chiropractic located at 249 Clarkson Road, ) <br> Suites 100 and 101, Ellisville, Missouri ) | No. 4:13MJ7059 SPM |

## MOTION AND MEMORANDUM OF LAW TO UNSEAL SEARCH WARRANT AFFIDAVIT

Dr. John Cameron Smith, Jr., by and through his undersigned counsel, files this motion and supporting memorandum of law to unseal the affidavit supporting a search warrant executed at his business, Smith Chiropractic, located at 249 Clarkson Road, Suites 100 and 101, Ellisville, Missouri, on March 15, 2013. In support of his motion, Dr. Smith respectfully submits the following:

### I. STATEMENT OF FACTS

Dr. Smith is the sole owner of Smith Chiropractic, a chiropractic practice located at 249 Clarkson Road, Suites 100 and 101, Ellisville, Missouri (the "Premises"). Dr. Smith has operated his practice at the Premises for approximately 15 years.

On March 15, 2013, agents of the Federal Bureau of Investigation ("FBI") executed a search warrant at the Premises. The warrant was executed at approximately 9:00 am, while office staff and a number of patients were present. The warrant, a copy of which is attached hereto as Exhibit A, called for the seizure of a broad spectrum of Dr. Smith's business, patient and employee records.

The search warrant was issued by this Court on March 12, 2013. Undersigned counsel understands that the warrant was issued based upon an affidavit that was filed with the

application for the warrant. The affidavit, which is the subject of this motion, was placed under seal, presumably at the request of the government.

Pursuant to the search warrant, the FBI seized five laptop and notebook computers, four central processing units, six mass storage devices, two servers, two desktop computers, and four bankers boxes of files and patient records. *See* Exhibit B attached hereto.

Subsequent to the search of his business, Dr. Smith retained undersigned counsel to represent him with regard to the government's investigation. Undersigned counsel has spoken with the Assistant United States Attorney in charge of the investigation and has asked to have the affidavit supporting the search warrant unsealed. Government counsel has advised undersigned counsel that the government does not intend to unseal the affidavit unless and until it brings charges against Dr. Smith.

## II. ARGUMENT

### A. Dr. Smith Has a Fourth Amendment Right of Access to the Affidavit

Although the Eighth Circuit has not had occasion to decide the question of whether or not a person whose property has been seized pursuant to a search warrant has a Fourth Amendment right to review a copy of the affidavit which supported the warrant, many other courts have confronted this issue and determined that such a Constitutional right exists. *See, e.g., United States v. Oliver*, 208 F.3d 211, 2000 WL 263954, *2 (4th Cir. 2000) (unpublished) (recognizing Fourth Amendment right to examine search warrant affidavit); *In re Search of Up North Plastics, Inc.*, 940 F.Supp. 229, 232 (D. Minn. 1996) ("This court concludes that a person whose property has been seized pursuant to a search warrant has a right under the warrant clause of the Fourth Amendment to inspect and copy the affidavit upon which the warrant was issued"); *In re Search Warrants Issued on April 26, 2004*, 353 F.Supp.2d 584, 591 (D. Md. 2004) (recognizing "a

search subject's pre-indictment Fourth Amendment right to inspect the probable cause affidavit."); *In re Search Warrant for 2934 Anderson Morris Road*, 48 F.Supp.2d 1082, 1083 (N.D. Ohio 1999) ("Generally, a person whose property has been seized pursuant to a search warrant has a right under the Warrant Clause of the Fourth Amendment to inspect and copy the affidavit upon which the warrant was issued."); *In re Search Warrants Issued August 29, 1994*, 889 F.Supp. 296, 299 (S.D. Ohio 1995) (". . . the Fourth Amendment right to be free of unreasonable searches and seizures includes the right to examine the affidavit that supports a warrant after the search has been conducted and a return has been filed. . . .").

The logic underlying the above listed opinions is unassailable. "The Fourth Amendment requirement of probable cause is meaningless without some way for targets of the search to challenge the lawfulness of that search." *Up North Plastics, Inc.*, 940 F.Supp. at 232-3. "The very premise of the Fourth Amendment is the right of a citizen to challenge the intrusion of government authority into his home or workplace." *Search Warrants Issued on April 26, 2004*, 353 F.Supp.2d at 587. The only way a citizen can make such a challenge is by refuting the information contained in the supporting affidavit, and to do that, she must be able to review the affidavit.

Moreover, without access to the supporting affidavit, the target of a search would be unable to file a motion for return of property under Fed.R.Crim.P. 41(e). Indeed, without a requirement that it provide access to search warrant affidavits, the government could render Fed.R.Crim.P 41(e) moot by simply sealing every search warrant affidavit for an indeterminate amount of time.

While the Eighth Circuit has not ruled on whether the subject of a search has a Constitutional right of access to the supporting affidavit, it has found that the general public and

the press have a First Amendment right of access to documents filed in support of a search warrant. *In re Search Warrant for Secretarial Area Outside Office of Thomas Gunn, McDonnell Douglas Corp*, 855 F.2d 569 (8th Cir. 1988). This holding compels a finding that the target of a search also has a Constitutional right to review the documents supporting the search. "The right of a private citizen [to review a search warrant affidavit] under the Fourth Amendment can be no less than the right afforded to the press under the First Amendment. . . ." *Search Warrants Issued on April 26, 2004*, 353 F.Supp.2d at 587. It would defy logic for the courts to provide a blogger with a Constitutional right to obtain a copy of the affidavit used to allow the FBI to raid Dr. Smith's business, while denying Dr. Smith himself a Constitutional right to do the same thing.

### B.  The Government Cannot Make the Showing Necessary to Overcome Dr. Smith's Constitutional Right of Access to the Search Warrant Affidavit

In order to overcome Dr. Smith's Fourth Amendment right to review and copy the affidavit, the government must (1) make a specific showing of compelling need, and (2) establish that there is no less restrictive alternative to sealing the affidavit. *Up North Plastics, Inc.*, 940 F.Supp. at 233; *Search Warrants Issued on April 26, 2004*, 353 F.Supp.2d at 590. The government cannot meet this burden with a conclusory allegation about the need to protect an ongoing investigation. Rather, the government "must make a specific factual showing of how its investigation will be compromised by the release of the affidavit to the person whose property was seized." *Up North Plastics, Inc.*, 940 F.Supp. at 233.

In this case, the government cannot make such a showing. Dr. Smith is a chiropractor with no criminal history. The allegations the government is investigating involve alleged improper billings for medical services, not drug trafficking, gun running or any other violent offense. There is no basis for the government to claim that allowing Dr. Smith access to the

- 4 -

affidavit will place any potential witnesses in danger. Likewise, there is no basis for the government to claim that release of the affidavit will lead to witness tampering, destruction of evidence, or any other untoward outcome. This is a non-violent, white collar investigation that could go on for months, if not years. The government cannot point to any specific facts that would justify keeping Dr. Smith in the dark as to the allegations that led to the raiding of his business for that period of time.

## CONCLUSION AND REQUEST FOR ORAL ARGUMENT

For the forgoing reasons, Dr. Smith respectfully requests that this Court unseal the affidavit that the government submitted in support of its application to obtain a search warrant to search Dr. Smith's business. As this Motion raises Constitutional issues not yet addressed by the Eighth Circuit, Dr. Smith requests that the Court schedule oral argument on this Motion.

Respectfully submitted,

THOMPSON COBURN LLP

By _Jan Paul Miller /mm_
Jan Paul Miller - 58112MO
One US Bank Plaza
St. Louis, Missouri 63101
314-552-6365
FAX 314-552-7365
jmiller@thompsoncoburn.com

Attorney for Dr. John Cameron Smith, Jr.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been served upon the following attorneys of record in this case on this 22 day of April, 2013, via postage prepaid, first class mail:

AUSA Dorothy McMurtry
Thomas F. Eagleton U.S. Courthouse
111 South Tenth Street
Room 20.333
St. Louis, MO 63102

*Jan Paul Miller /mm*
Jan Paul Miller