FILED

MAY 0 8 2013

U. S. DISTRICT COURT
EASTERN DISTRICT OF MO.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

IN THE MATTER OF THE SEARCH OF:        )
                                       )
**The premises of a commercial business known**        )        No. 4:13MJ7059 SPM
**as John Cameron Smith, Junior,**        )
**Incorporated, aka Smith Chiropractic, located**        )        **FILED UNDER SEAL**
**at 249 Clarkson Road, Suites 100 and 101,**        )
**Ellisville, Missouri 63011**        )

## GOVERNMENT'S RESPONSE TO MOTION TO UNSEAL SEARCH WARRANT AFFIDAVIT

COMES NOW the United States of America, by and through its attorneys, Richard G.

Callahan, United States Attorney for the Eastern District of Missouri, and Dorothy L. McMurtry,

Assistant United States Attorney for said District and states the following in response to the

motion filed by Dr. John Cameron Smith, D.C., to unseal the search warrant affidavit supporting

the search warrant executed on his business, Smith Chiropractic, on March 15, 2013.

## INTRODUCTION

On March 15, 2013, federal agents executed a federal search warrant at Smith

Chiropractic, a business located in Ellisville, Missouri and owned by Dr. John Cameron Smith,

Jr.  The agents seized electronic equipment (including computers), a box of x-rays, and three

boxes of patient files and other documents.  Between March 18 and 28, 2013, the agents returned

all the electronic equipment.  The government has advised Dr. Smith that he may copy, at his

expense, all or some of the documents and x-rays the government has retained.

On April 22, 2013, Dr. Smith, through his counsel, filed a "Motion and Memorandum of

Law to Unseal Search Warrant Affidavit."  This Court granted the government's request for an

extension to May 8, 2013 to file its response to the motion.

The government urges the Court to deny Dr. Smith's motion because (1) Rule 41(g)of the Federal Rules of Criminal Procedure does not authorize a pre-indictment motion to unseal a warrant affidavit, (2) the exercise of equitable jurisdiction is not warranted, (3) there is no Fourth Amendment right to access to the warrant affidavit, and (4) even if there is a Fourth Amendment right, the government has a compelling interest in keeping the affidavit under seal and sealing is the least restrictive means to protect this interest.

## JURISDICTION OF COURT TO DECIDE MOTION

As in all proceedings, this Court must initially decide if it has jurisdiction to consider Dr. Smith's motion.  For the reasons discussed below, the government urges the Court to find that it lacks jurisdiction and it should not exercise equitable jurisdiction.

When faced with pre-indictment motions to unseal a warrant affidavit or to return property, courts have not handled them in a uniform manner.  Some courts have expressly considered and decided whether jurisdiction existed and other courts have simply proceeded to the merits of the pre-indictment motions without examining jurisdiction.  This is particularly so where neither party raises the issue.  As an Ohio district court observed:  "several courts, including a court in Southern Ohio, have entertained motions to unseal affidavits in like situations, but the jurisdiction to do so was not supported by authority to do so in those cases, and therefore, they are not persuasive." In re Search of S & S Custom Cycle Shop, 372 F.Supp. 2d 1048, 1051 (S.D.Ohio 2003) (Custom Cycle Shop).

## Rule 41(g) Does Not Confer Jurisdiction over Motions to Unseal

Dr. Smith's motion does not fit into any readily recognizable category of motions.  He does not cite Rule 41(g) (formerly Fed. R. Crim. P. 41(e)) as a basis for jurisdiction.  Nor does he

request the return of property seized during the search, a further indication that he is not relying

on Rule 41(g) as a basis for jurisdiction.  Moreover, Dr. Smith does not cite any other rule,

statute, case, or authority for this Court's exercise of jurisdiction over his motion.

In a similar case in West Virginia, a physician filed a pre-indictment motion entitled

"Motion to Vacate Search and Seizure Warrant of March 1, 2010 and for Remedial Action."  In

re Search of Patient Records Located, on March 2, 2010, in a Safe at 35 West Third Ave.,

Williamson, W.V., 2010 WL 5211551, *1-2 (S.D.W.Va., Nov.17, 2010) (Search of Patient

Records).  The physician did not seek return of her property and did not cite Rule 41(g).

Nonetheless, the district court treated the motion as a Rule 41(g) motion for return of property.

Id.

If this Court were to do the same and construe Dr. Smith's motion as a Rule 41(g)

motion, jurisdiction would still be lacking.  Rule 41(g) does not create a right or even address

access to warrant affidavits.  See Times Mirror Co. v. United States, 873 F.2d 1210, 1220-21 (9th

Cir. 1989).

Numerous courts have held that courts may not consider a Rule 41(g) motion prior to the

initiation of criminal proceedings.  In Search of Patient Records, the Southern District of Ohio

held: "Of importance is the fact that there is no criminal case pending against Dr. Hoover. . . .

Rule 1(a)(1) of the Criminal Rules provides that the Criminal Rules 'govern the procedure in all

criminal proceedings. '  When there is no active criminal case filed by complaint, information or

indictment, there is no 'criminal proceeding.'"  2010 WL 5211551, * 3 (citations omitted); See

Black Hills Institute of Geological Research v. United States Department of Justice, 967 F.2d

1237, 1239 (8th Cir. 1992) (Black Hills) (if no criminal charges have been filed, motion for

3

return of property should be treated as suit in equity); In re Search of Florilli Corp, 33 F.Supp. 2d 799, 802 (8th Cir. 1998)(same).

The district court in Custom Cycle Shop reached a similar conclusion:  "Absent the existence of a criminal action, an individual simply has no basis for bringing a motion to unseal an affidavit under the Criminal Rules."  The district court further stated:  "The Court does not believe, however, that motions filed under Rule 41(e) can be entertained absent the initiation of more substantive criminal proceedings."  372 F. Supp. 2d at 1051 (motion to unseal affidavit and return property).

In a Pennsylvania case, the district court held that a magistrate judge lacked jurisdiction to entertain a Rule 41(g) motion because "no criminal proceedings are pending, either because an indictment has not yet been filed or because a criminal prosecution has terminated."  In re Search of Scranton Housing Authority, 487 F.Supp.2d 530,533 (M.D.Pa. 2007) (Scranton Housing Authority); Matter of Search of New London Tobacco Market, Inc., 924 F.2d 1059, 1991 WL 9983 (6th Cir. 1991) (Rule 41(e) motion was properly dismissed where criminal proceedings had never been filed and government had already agreed to return the seized property).

**Equitable Jurisdiction Should Not Be Exercised**

Some courts have recognized and exercised equitable jurisdiction over pre-indictment motions for return of property or motions to unseal warrant affidavits.  When deciding whether to exercise equitable jurisdiction over such motions, courts have generally examined four factors: (1) whether the government displayed a callous disregard for the constitutional rights of the movant; (2) whether the movant has an individual interest in and need for the property; (3) whether the movant would be irreparably injured by the denial of the return of the property; and

(4) whether the movant has an adequate remedy at law.  Black Hills, 967 F.2d at 1239;

Application of Jenk, 591 F.Supp. 420, 421 (N.D. Iowa, 1984); Ramsden v. United States, 2 F.3d,

322, 324-25 (9th Cir. 1993), citing Richey v. Smith, 515 F.2d 1239, 1243 (5th Cir. 1975).

Courts have emphasized that equitable jurisdiction should rarely be exercised.  "[T]he

decision to invoke equitable jurisdiction is highly discretionary and must be exercised with

caution and restraint.  Such jurisdiction, therefore, is appropriate in exceptional cases where

equity demands intervention."  United States v. Singleton, 867 F.Supp.2d 564, 569 (D.Del. 2012)

(motion to return property), quoting United States v. Dean, 80 F.3d 1535, 1542 (11th Cir. 1996);

In re Seizure of Certificate of Deposit #8400367396-1 Located at Midfirst Bank (MFB) v. Craig,

2011 WL 744296 (W.D.Okla. 2011) (Rule 41(g) motion to unseal and return property), citing

Matter of Search of Premises Known as 6455 South Yosemite, Englewood, Colo., 897 F.2d

1549,1556 (10th Cir. 1990).

Dr. Smith's motion to unseal the warrant affidavit is not an extraordinary case where

equity demands intervention by this Court.  None of the factors weigh in favor of the exercise of

equitable jurisdiction.

**1.  Callous Disregard of Constitutional Rights**

The government did not display a callous disregard for the constitutional rights of Dr.

Smith.  A FBI agent obtained a warrant for the search of Dr. Smith's business and federal agents

executed the warrant on March 15, 2013 – within the dates and times authorized by the warrant.

Dr. Smith was given a copy of the warrant, which contained a list of the items to be seized.  At

the conclusion of the search, Dr. Smith was also given a list of the items actually seized.  In the

weeks since the search, the government has diligently conducted its investigation.

5

**2.  Dr. Smith's Need for Seized Documents**

In his motion, Dr. Smith argues that he needs access to the warrant affidavit to determine

if he should file a Rule 41(g) motion for return of property.  This argument is meritless.  Dr.

Smith has the search warrant and the inventory listing the items seized.  From the warrant and the

inventory list, he can determine whether to file a Rule 41(g) for return of the seized items.  See

United States v. East Side Ophthalmology, 1996 WL 384891 (S.D.N.Y. 1996)(motion for return

of property without unsealing of affidavit; in camera review of affidavit to determine whether

there was probable cause).

Dr. Smith does not argue that he needs the seized items to operate his chiropractic

practice.  Prior to the search, the government anticipated that Dr. Smith would need some of the

seized items to operate his practice.  In the application for a warrant, the government stated that

electronic equipment, including computers and external electronic storage devices, would be

returned to Dr. Smith within fourteen days.  Exhibit 1, attached, identifies all the seized items

and the dates (between March 18 and 28, 2013) that the government returned the electronic

equipment to Dr. Smith or his designees.

The government has retained one box of x-rays and three boxes of patient records and

miscellaneous paper documents.  See Exhibit 1, numbers 20-23.  As indicated in the warrant

(Attachment D, Part 1 entitled "Probable Cause"), the government is investigating allegations

that Dr. Smith and his employees made false statements in medical records and submitted false

claims for non-rendered services.  Original documents, rather than copies, are needed to

investigate such allegations.  It is more difficult to determine changes and alterations on copies

and to determine whose handwriting appears on copies.

6

Dr. Smith was offered access to the seized paper documents the day after the search. Shortly after the warrant was executed, the government advised Dr. Smith and his counsel that the government would give Dr. Smith, or someone he designated, access to the seized paper documents, which he could copy at his own expense.  The government also offered to copy, at no cost to him, portions of one or a few patient files that he requested.  Significantly, Dr. Smith has not asked to review or copy any of the paper documents.

**3.  Dr. Smith Will Not Be Irreparably Harmed**

Dr. Smith has not and will not be irreparably harmed if the warrant affidavit remains under seal.  As previously indicated, Dr. Smith has already received his electronic equipment and may copy the x-rays and paper documents whenever he wishes.  Dr. Smith has not and will not be able to demonstrate that copies of the seized documents do not fulfill his business needs.  See Matter of Search of Premises Known as 6455 South Yosemite, Englewood, Colo., 897 F.2d at 1557; Ramsden v. United States, 2 F.3d at 325-6.

**4.  Dr. Smith Has an Adequate Remedy at Law**

Dr. Smith has an adequate remedy at law to challenge the government's intrusion into his business and seizure of property from him.  If he is indicted, he may move for return of his property under Rule 41(g) and move to suppress under Rules 41(h) and 12(b)(3)(c).  If no charges are filed, he may bring an action under Bivens; "vindication of a constitutional right, such as the [Fourth Amendment] is civil in nature and can be achieved through a *Bivens* action." Custom Cycle Shop, 372 F.Supp. at 1051; Scranton Housing Authority, 487 F.Supp.2d at 533.

## MOTION TO UNSEAL SHOULD BE DENIED

Assuming that jurisdiction does exist, Dr. Smith's motion should be denied for the reasons stated below.

**Fourth Amendment Right of Access to Search Warrant Affidavit**

Relying on several district court cases, Dr. Smith argues that he has a Fourth Amendment right of access to the affidavit which supported the warrant. The courts, including several circuit courts, are split on this issue.

The Seventh Circuit has held that " [N]o provision within the Fourth Amendment grants a fundamental right of access to sealed search warrant affidavits before an indictment." Matter of EyeCare Physicians of America, 100 F.3d 514, 516 (7th Cir. 1996) (EyeCare Physicians). Rejecting movant's argument, the Court stated: the movant's "argument does not rest upon the terms of the Fourth Amendment, for the text of that Amendment does not address, even implicitly, the problem of lack of access to sealed search warrant affidavits. The Warrant Clause of the Fourth Amendment circumscribes the issuance of warrants, but does not address access to the affidavits employed to support them." Id at 516-17; see also Al-Dahir v. Northrop Grumman Information Technology, 2008 WL 4470514 (E.D.La. 2008) ("the language of Fourth Amendment does not speak to any such right of access to warrant affidavits").

The Seventh Circuit in EyeCare Physicians concluded that a proper reading of Rule 41(g) does not include a constitutional right of access to sealed warrant affidavits, but rather provides an administrative framework for the exercise of the common law right of access. Id at 517. According to the Court, Rule 41(g) provides no time limit for the release of sealed documents;

8

nor does the rule say anything about access to sealed documents.  The decision as to access is one best left to the sound discretion of the court.  Id.

Notably, in arriving at its conclusion in EyeCare Physicians, the Seventh Circuit commented on a South Dakota district court decision on which Dr. Smith relies.  The Seventh Circuit characterized In re Search Warrants Issued August 29, 1994, 889 F.Supp. 296 (S.D.Ohio 1995) as "unpersuasive" and "conclusory at best (with respect to the applicability of the Fourth Amendment) and conspicuous for its lack of analysis."  EyeCare Physicians, 100 F.3d at 517.

The Fifth Circuit briefly commented in one of its opinions that the Seventh Circuit decision in EyeCare Physicians was a "sensible" decision.  However, the Fifth Circuit did not further analyze the EyeCare Physicians decision nor decide the Fourth Amendment access issue.  In re Grand Jury Proceedings, 115 F.3d 1240, 1246 (5th Cir. 1997).

In a different context, the Sixth Circuit rejected a newspaper's argument that the Fourth Amendment was evidence that there was a tradition of public access to documents filed in search warrant proceedings.  The Court stated: "As it relates to warrants, the Fourth Amendment establishes only that the government must obtain one (based on probable cause) before conducting a search. . . . The Fourth Amendment has no bearing on the question of whether documents related to the issuance of search warrants must be made available for public inspection."  In re Search of Fair Finance, 692 F.3d 424 (6th Cir. 2012).

The Fourth Circuit is the only federal appellate court to recognize a Fourth Amendment right to examine the warrant affidavit.  United States v. Oliver, 208 F.3d 211, 2000 WL 263954, *2 (4th Cir. 2000).  In an unpublished decision, the Court held that the right was not absolute and could be overridden "when it is shown that precluding access is 'essential to preserve higher

values and is narrowly tailored to serve that interest.'"  Nonetheless, the Fourth Circuit affirmed

the district court's decision to keep the affidavit under seal because the government established a

compelling interest in keeping it sealed and there were no less restrictive means, such as

redaction.

The Fourth Circuit's decision in <u>Oliver</u> is distinguishable from the present case for

several reasons.  First, the Fourth Circuit was not presented with and did not decide if a Fourth

Amendment right to access existed before indictment because Oliver sought to have the affidavit

unsealed after he was indicted.  Secondly, Oliver argued that he needed the affidavit so that he

could file a motion to suppress evidence.  By contrast, Dr. Smith argues that he needs the

affidavit to decide whether to file a Rule 41(g) motion for return of property.

The government has found only one case in the Eighth Circuit that has addressed the

precise question before this Court:  does a person whose property is seized have a pre-indictment

right to review the affidavit submitted in support of the warrant.  The Minnesota district court

held in <u>Matter of Up North Plastics, Inc</u>.:  "a person whose property has been seized has a right

under the warrant clause of the Fourth Amendment to inspect and copy the affidavit upon which

the warrant was issued."  940 F.Supp. 229, 232 (D.Minn. 1996) (<u>Up North Plastics</u>).  The right of

access can be denied if the government demonstrates a compelling need to keep the affidavit

under seal for a reasonable period of time.  <u>Id</u>.

In <u>Up North Plastics</u>, the district court considered four factors in determining if the

government established a compelling need:  (a) the government's interest in secrecy in protecting

an ongoing investigation; (b) whether a *prima facie* showing of probable cause has been made;

10

(c) whether the movant may reassert the claim, should the government's delay become unreasonable; and (d) whether movant's entitled to lawful possession of the items.

The government believes the Seventh Circuit's decision in EyeCare Physicians is more persuasive than the Minnesota district court's decision in Up North Plastics.  However, this Court need not decide if there is a Fourth Amendment right to pre-indictment access to warrant affidavits.  Assuming that Dr. Smith has a Fourth Amendment right to access, Dr. Smith's motion still fails under an Up North Plastics analysis.  In re Search Warrant, 48 F. Supp. at 1084(district court did not determine whether Fourth Amendment right existed; denied pre-indictment motion to unseal using Up North Plastics factors).

## 1. Government's Need to Protect an Ongoing Investigation

The government has an ongoing investigation, which has included one or more undercover investigations.  The government believes that disclosing information contained in the affidavit related to the undercover investigation(s) would negatively affect the on-going investigation.  In re Search Warrant for Secretarial Area Outside Office of Gunn, 855 F.2d 569, 574 (8th Cir. 1988)(first Amendment access recognized; held "substantial probability" that ongoing criminal investigation would be severely compromised was compelling government reason for continued sealing).

The affidavit identifies several witnesses and summarizes the information they provided. The government is concerned that these witnesses may be reluctant to provide any additional information they may have if their identities and statements are disclosed so early in the

11

investigation.  Additionally, other witnesses may hesitate to share information because of concerns about early disclosure of their identities and statements.

The government is "normally entitled to refuse to disclose the identity of a person who has furnished information relating to an investigation of a possible violation of law." Matter of Search of 1638 E. 2nd Street, Tulsa, Okl., 993 F.2d 773,774 (10th Cir. 1993) (citation omitted). The government is entitled to assert an informer privilege without demonstrating that reprisal or retaliation is likely. Id.  The "government need not make a threshold showing that reprisal or retaliation is likely, because of the significant policy considerations behind the [informer's] privilege, as well as the difficulty of such proof."  The government's argument against disclosure is even stronger in this instance because Dr. Smith has not been indicted. See Matter of  Flower Aviation of Kansas, Inc.,789 F.Supp. 366 (D.Kan. 1992) (movant is not entitled to unseal warrant affidavits pre-indictment, criminal investigation was ongoing, and there was a need to protect identity and privacy of persons mentioned in affidavit) .

Dr. Smith argues that he is a chiropractor with no criminal history and therefore the concerns present in violent offense cases are not present here in this economic crime case.  The government has no information to suggest that Dr. Smith, or anyone on his behalf, would threaten or tamper with witnesses or destroy evidence.  However, persons suspected of white collar crimes have done both.  Thus, it is prudent to provide reasonable protection to witnesses, even where there is no overt threat.

Moreover, witnesses may be intimidated or fearful for reasons other than threats or physical violence.  Whether grounded in fact or not, witnesses often express fear concerning

12

economic reprisals or negative consequences in their professional and personal lives if they provide information to the government. These threats are often difficult or impossible to detect. The government seeks to protect the witnesses until further investigation reveals whether charges are brought and whether the witnesses will have to testify.

**2. The Government Established Probable Cause**

The government established probable cause, as found by this Court in its initial review of the affidavit. The government requests that this Court conduct an in camera review of the affidavit in light of Dr. Smith's motion. It is the government's belief that the Court will once again conclude that the warrant is supported by probable cause.

**3. Dr. Smith May Reassert Claim Later**

The government executed the search warrant on March 15, 2013 – about eight weeks ago. In its initial motion for sealing, the government requested and the Court ordered the affidavit sealed for six months. This is a reasonable and definite period of time for the government to conduct further investigation. Dr. Smith may reassert his motion at a later time if the government seeks to extend the seal.

**4. Redaction is Not Practical**

Lastly, there are no less restrictive means to protect the government's compelling interest. Redaction will not protect the identities of the persons mentioned in the affidavit because of the context in which the persons are discussed.

**<u>First Amendment Right of Access to Affidavit</u>**

In support of his Fourth Amendment argument, Dr. Smith refers briefly to <u>In re Search Warrant for Secretarial Area Outside Office of Thomas Gunn</u>, in which the Eighth Circuit

13

decision held that the press and public have a First Amendment right to search warrant materials. 855 F.2d 569 (8th Cir. 1988). However, Dr. Smith does not argue that he has a right to access under the First Amendment. Any such argument would be unavailing because the First Amendment right to access may be denied if the government establishes a compelling governmental interest, which cannot be protected by redaction. In re Search of 8420 Ocean Gateway Easton, Maryland, 353 F.Supp.2d 577, 579 (D.Md, 2004).

The government's compelling interest in sealing, as shown above, would outweigh any claimed first Amendment right to access.

<u>CONCLUSION</u>

For the reasons discussed above, the government respectfully urges the Court to deny Dr. Smith's motion to unseal affidavit and to permit the affidavit to remain under seal until September 12, 2013.

Respectfully submitted,

RICHARD G. CALLAHAN
United States Attorney

DOROTHY L. McMURTRY, #3772?MO
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on May 8, 2013, the foregoing was sent via email to the following:

Jan P. Miller
THOMPSON COBURN, LLP
One US Bank Plaza
St. Louis, MO 63101
314-552-6365
Fax: 314-552-7365
Email: jmiller@thompsoncoburn.com


DOROTHY L. McMURTRY, #37727MO
Assistant United States Attorney