UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF: ) | |
| The premises of a commercial business ) | |
| known as John Cameron Smith, Junior ) | |
| Inc., aka Smith Chiropractic, ) | Cause 4:13MJ7059SPM |
| Located at 249 Clarkson Road, Suites ) | |
| 100 and 101, Ellisville, Missouri 63011 ) | FILED UNDER SEAL |

## MEMORANDUM OPINION

This matter came before the court on the motion of Dr. John Cameron Smith, ("Smith") to unseal the affidavit supporting a federal search warrant executed on his business, Smith Chiropractic, on March 15, 2013. [Doc. 6]. This court ordered the search warrant and its supporting materials sealed until September 12, 2013, pursuant to the government's motion to seal. [Doc. 4]. The government filed its response resisting Smith's motion to unseal, [Doc. 9], and Smith filed a Reply in further support of his motion. [Doc. 11]. A hearing was held before the undersigned on May 17, 2013.

Smith asserts that, as a member of the public and as the subject of a federal search warrant, he has a right to review and inspect the search warrant affidavit under the First and Fourth Amendments of

the Constitution.[1] He further argues that because the government has already executed the search warrant and he is aware of the investigation, the government has no compelling interest in maintaining the search warrant affidavit under seal.

The government initially resisted the motion contending that (i) the court lacks jurisdiction to entertain Smith's motion because it was brought pre-indictment; (ii) Smith has no Fourth Amendment right of access to the warrant affidavit; (iii) even if Smith has a right of access the government's interest in protecting the identity of cooperating witnesses and its ongoing investigation warrants continued sealing, at least through September 2013; and (iv) there is no less restrictive alternative to sealing. However, during oral argument, the government retreated from its initial position and conceded that there were some aspects of the search warrant affidavit that could be publicly disclosed without jeopardizing its investigation. The court ordered the government to submit a proposed redacted affidavit, *in camera*. The government submitted a proposed redacted affidavit and memorandum

---

[1] Smith's motion was initially brought solely on the basis of a Fourth Amendment right of access to the warrant materials. During oral argument, counsel for Smith amended the motion to include the First Amendment right of access as an alternate basis for the motion.

indicating that it was withdrawing its objection to Smith's motion except with respect to certain paragraphs of the warrant affidavit. [Doc. ___].

Because I find the reasons initially given by the government for continued sealing no longer exist, and for the reasons detailed below, I will grant Smith's motion to unseal the warrant affidavit. However, because I also find that the government has a compelling interest in protecting the identities and privacy of cooperating witnesses, at least through September 12, 2013, and that the government's proposed redacted affidavit sufficiently protects that compelling interest, I will order that only a redacted version of the affidavit be unsealed.

## FACTUAL FINDINGS

Smith is the sole owner of Smith Chiropractic, a chiropractic practice located at 249 Clarkson Road, Suites, 100 and 101, Ellisville, Missouri (the "Premises"). On March 15, 2013, federal agents executed a federal search warrant at the Premises. The search warrant asserts there is probable cause to believe that Smith Chiropractic or its employees made or caused to be made false statements in patient medical records and other records as part of a scheme to defraud health

3

care benefits plans.  The government requested, and obtained, an order sealing the application, affidavit and search warrant until September 12, 2013.  [Doc. 4].

The agents seized electronic equipment, including five laptop and notebook computers, four central processing units, six mass storage devices, two servers, two desk top computers and a bankers box of x-rays and three bankers boxes of patient files and other documents. Between March 18 and March 28, 2013, the agents returned all of the electronic equipment.  The government has advised Smith that he may copy all or some of the documents and x-rays the agents retained.

## DISCUSSION

### A. JURISDICTION TO ENTERTAIN SMITH'S MOTION

The government challenges this court's jurisdiction to entertain Smith's motion on grounds that it is akin to a pre-indictment motion for return of seized property brought pursuant to Fed. R. Crim. P. 41(g). The government posits that the court may exercise jurisdiction only if it finds a basis for exercising equitable jurisdiction under the factors articulated in cases such as *Black Hills Institute of Geological Research v. United States Department of Justice,* 967 F.2d 1237, 1239 (8th Cir.

4

1992)(holding that if no criminal charges have been filed, a motion for return of property should be treated as a suit in equity).  While I agree with the government that some courts confronted with pre-indictment motions for return of seized property have either declined to exercise jurisdiction or warned that courts should hesitate to exercise jurisdiction over such motions, *see, e.g., In re Search of S&S Custom Cycle Shop,* 372 F. Supp.2d 1048 (S.D. Ohio 2003); *In re Search of Patient Records*, 2010 WL 5211551 (S.D. W. Va., Nov. 17, 2010), I disagree that Smith's motion falls into the category of a pre-indictment motion for return of seized property.

 Although Smith's motion was silent about the specific rule on which he relies, Smith made clear both in his briefing and at oral argument that he is not seeking return of seized property pursuant to Rule 41(g).  [Doc. 11, pp. 1-3].  Rather, Smith's motion seeks solely to unseal search warrant materials based on his asserted right of access under the Constitution.  The government itself recognized in its Response that Smith has not moved for the return of seized property for the very excellent reason that almost all of the seized property has been returned and Smith has been granted access to any property retained

5

by the agents. [Doc. 9, pp. 6-7]. Because I find that Smith's motion is not, as the government suggests, analogous to a motion for return of seized property, neither Rule 41(g) nor the cases cited by the government control.

This court's jurisdiction to entertain Dr. Smith's motion stems from its inherent supervisory power over its own records and files, *see Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978), coupled with the express powers granted to federal magistrate judges under 28 U.S.C. §636(a)(conferring on magistrate judges "all powers and duties conferred or imposed upon by . . . the Rules of Criminal Procedure for the United States District Courts," among other things). Jurisdiction over Smith's motion also comes from Local Rule 73-11.01 (conferring on magistrate judges in this judicial district authority to "exercise all powers and perform all duties conferred expressly or by implication upon magistrate judges by, and in accordance with, procedures . . . set forth in the USC, rules promulgated by the Supreme Court, the local rules of this Court, and the orders of this Court") and Local Rule 83-13.05(B), pursuant to which magistrate judges in this district routinely entertain motions to seal and unseal search warrant

6

affidavits.

Indeed, it appears the government implicitly recognized the court's authority to entertain motions to seal and unseal search warrant affidavits when it filed its own motion requesting that the search warrant and supporting affidavit at issue in this case be sealed in the first instance.  If magistrate judges in this district are empowered to enter a sealing order as part of their duties related to the issuance of search warrants, it seems axiomatic that that magistrate judges would have the authority to resolve a motion to unseal documents he or she ordered filed under seal.  *See In re Search of the Premises of Carl Ray Wilson*, 153 F. Supp.2d 1013, 1017 n.2 (E.D. Ark. 2001)(holding that although a magistrate judge lacked the authority to hold local rule and clerk's procedures unconstitutional, the magistrate judge could decide a motion to unseal a confidential search warrant file as an additional duty that bears some relationship to the duties that [28 U.S.C. 636] expressly assigns to magistrate judges).

### B. SMITH'S RIGHT OF ACCESS TO THE WARRANT AFFIDAVIT

#### 1. FIRST AMENDMENT RIGHT OF ACCESS

During oral argument, Smith asserted for the first time that, as a member of the public, he has a right under the First Amendment to access the warrant affidavit.  The Eighth Circuit recognizes a qualified First Amendment right of access to judicial records, including search warrant materials, by members of the press and public.  *In re Search Warrant for Secretarial Area Outside Office of Thomas Gunn ("Gunn I")*, 855 F.2d 569, 573 (8th Cir. 1988).  The party seeking sealing must show that such a restriction on the first amendment right of public access is necessitated by compelling government interest and that no less restrictive alternatives are appropriate.  *Id.*  Thus, under Eighth Circuit law, Smith is entitled to review and copy the warrant affidavit unless the government can make a specific showing of a compelling need for continued sealing and that there is no less restrictive alternative to sealing the affidavit.

#### 2. FOURTH AMENDMENT RIGHT OF ACCESS

Smith also asserts a right to access the warrant affidavit under the Fourth Amendment.  As both parties acknowledged, there is a

8

conflict among the courts as to the right of the target of a government investigation to inspect search warrant materials before an indictment. As one of only two federal appellate courts to directly address the issue, the Seventh Circuit held that no provision within the Fourth Amendment grants a fundamental right of access to sealed search-warrant affidavits before an indictment. *In re Eyecare Physicians of America*, 100 F.3d 514 (7th Cir. 1996). The Seventh Circuit further held that Fed. R. Crim. P. 41(i) does not codify a constitutional right of access to sealed warrant affidavits but rather provides an administrative framework for the exercise of the general common law right held by any member of the public to inspect and copy public records, including judicial records. *Eyecare Physicians,* 100 F.3d at 517.

In an unpublished opinion, the Fourth Circuit held that "a defendant is entitled under the Fourth Amendment to examine the affidavit that supports a warrant after the search has been conducted." *United States v. Oliver*, 208 F.3d 211, 2000 WL 263954, *2 (4th Cir. 2000). However, the defendant's motion to unseal was brought post-indictment. Thus, the Fourth Circuit was not confronted with, and clearly did not analyze whether the defendant would have had such a

9

right had his motion been brought while the government's investigation was ongoing. Although there are a number of lower court decisions, including one from the District of Minnesota, that find a right of access under the Fourth Amendment pre-indictment, s*ee Matter of UpNorth Plastics*, 940 F.Supp. 229, 232 (D. Minn. 1996), opinions out of the Fifth Circuit and Sixth Circuit that tangentially touch on the issue seem to suggest those courts might side with the Seventh Circuit's decision in *Eyecare Physicians. See In re Grand Jury Proceedings*, 115 F.3d 1240, 1246 (5th Cir. 1997) (commenting that the *Eyecare Physicians* opinion was "sensible"); *In re Search of Fair Finance,* 692 F.3d 424, (6th Cir. 2012)(citing *Eyecare Physicians* for the proposition that "the Fourth Amendment has no bearing on the question of whether documents related to the issuance of search warrants must be made available for public inspection").

While I find the reasoning in *Eyecare Physicians* more compelling than the reasoning articulated in *Oliver* and the lower court decisions on which it relies, I will decline ruling on the question of whether Smith has a right of access under the Fourth Amendment because precedent in the Eighth Circuit already establishes that Smith has a qualified

right of access under the First Amendment. *See Camreta v. Greene,* 131 S.Ct. 2020, 2031 (2011)(recognizing that "a longstanding principle of judicial restraint requires that courts avoid reaching constitutional questions in advance of the necessity of deciding them").

As both sides acknowledged, irrespective of whether Smith's right of access is found under the First Amendment or the Fourth Amendment, under Eighth Circuit law, Smith is entitled to review and copy the warrant affidavit unless the government can make a specific showing of a compelling need for continued sealing and that there is no less restrictive alternative to sealing the affidavit. *See Matter of UpNorth Plastics*, 940 F.Supp. 229, 232 (D. Minn. 1996)(holding Fourth Amendment right of access can be denied if the government demonstrates a compelling need to keep the affidavit under seal for a reasonable period of time); *Gunn I*, 855 F.2d at 573 (holding the party seeking sealing must show that such a restriction on the first amendment right of public access is necessitated by compelling government interest and that no less restrictive alternatives are appropriate). Thus, the central issue to be resolved is whether the government has demonstrated that it has a compelling need for

continued sealing of the affidavit through September 12, 2013 and that there are no less restrictive alternatives available.

### C. GOVERNMENT'S COMPELLING INTERESTS FOR CONTINUED SEALING

The government initially took the position that because its investigation is in the relatively early stages, it has a compelling interest in sealing the affidavit in its entirety because unsealing would prematurely reveal the identities of cooperating informants or witnesses and other information related to the government's undercover investigation. It further contended that even though Smith is now aware that he is the target of a criminal investigation, premature disclosure of this information would adversely affect the ongoing investigation. Finally, the government argued that redaction was not a viable option because of the context in which persons are discussed.

However, during oral argument, it became clear to the court that, other than protecting the identities and privacy of cooperating witnesses, the government could not articulate a specific compelling interest for continued sealing. It was equally clear from the discussion on the record that redaction could be a viable option to continued sealing. Following oral argument, at the court's request, the

government submitted a proposed redacted affidavit for *in camera* review.  In so doing, the government indicated that it was withdrawing its opposition to unsealing the affidavit except with respect to the limited information it proposed to redact.  In light of the fact that the government's investigation is in the relatively early stages and Smith has not been  indicted, I find that the government has a compelling interest in protecting the identities and privacy of cooperating witnesses.  I also find that the government's proposed redactions to the affidavit sufficiently protects the government's compelling interests.

## CONCLUSION

For all of the foregoing reasons, Smith's motion to unseal should be **GRANTED**, in part, and **DENIED, in part**.

A separate order in accord with this Memorandum Opinion is entered this date.


/s/Shirley Padmore Mensah
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE
Dated this **20th** day of **May**, **2013**.